UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VRINDER SINGH RANDHAWA, *et al.*,

    *Plaintiffs*,

  v.

DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

    *Defendants*.

No. 22-cv-3291 (DLF)

## MEMORANDUM OPINION & ORDER

Vrinder Singh Randhawa contends that U.S. immigration authorities mistreated him during his immigration proceedings.[1] In this action, his second, he seeks relief against various federal immigration agencies under state and federal law. Before the Court are the defendants' Motion to Dismiss, Dkt. 15, and Randhawa's motion to amend his complaint, Dkt. 16 ¶ 6. For the reasons that follow, the Court will grant the defendants' motion and deny Randhawa's.

**I.    BACKGROUND[2]**

Randhawa is a foreign national. Decl. of Andrew M. Lambrecht ¶¶ 4–5, Dkt. 15-1. In 2019, he sought to adjust his immigration status. *Id.* ¶¶ 5–10. Randhawa alleges that, during the adjustment process, immigration officials verbally abused him, denied him assistance, and treated him poorly in other ways. Compl. ¶ 22, Dkt. 1.

---

[1] Although Randhawa purports to bring this suit on behalf of his spouse and minor child as well as himself, Compl. at 6, Dkt. 1, "a *pro se* litigant . . . cannot appear on behalf of another person," *Johnson v. United States*, No. 16-cv-72, 2016 WL 9455318, *1 (D.D.C. Jun. 27, 2016) (citing 28 U.S.C. § 1654). Accordingly, the Court's opinion only discusses Randhawa.

[2] Consistent with the applicable legal standards, the Court's recitation of the facts "assume[s] the truth of all material factual allegations in [Randhawa's] complaint and construe[s] the complaint liberally." *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (cleaned up).

Randhawa sued. First, in 2020, he brought claims in this Court against the Department of Homeland Security and U.S. Immigration and Customs Enforcement. *Randhawa v. Dep't of Homeland Security* ("*Randhawa I*"), No. 20-cv-3200, 2022 WL 823067, *1 (D.D.C. Mar. 19, 2022). The Court dismissed his action for lack of jurisdiction. *Id.* at *1–4.

In 2022, Randhawa filed another lawsuit in this Court. Compl., Dkt. 1. His complaint named the Department of Homeland Security, U.S. Customs and Border Protection, U.S. Citizenship and Immigration Enforcement, and U.S. Citizenship and Immigration Services as defendants. *Id.* at 1–2. It sought damages along with declaratory and injunctive relief under the Federal Tort Claims Act ("FTCA") for false imprisonment, abuse of process, negligent supervision, intentional infliction of emotional distress, and negligence; under the First, Fifth, and Fourteenth Amendments; under several federal criminal statutes, including 18 U.S.C. § 245 and § 3283 as well as "any and all HATE CRIME legislation"; under "28 U.S.C. . . . 1983"; and under § 24-31-309 of Colorado's Revised Statutes, which bans racial profiling by Colorado peace officers. *Id.* ¶¶ 2–17, xiii–xiv.

The defendants move to dismiss. Dkt. 15.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because "[s]overeign immunity is jurisdictional in nature," *FDIC v. Meyer*, 510 U.S. 471, 475 (1994), claims barred by the United States' sovereign immunity are "subject to dismissal under Rule 12(b)(1)," *Clayton v. District of Columbia*, 931 F. Supp. 2d 192, 200 (D.D.C. 2013). A litigant's standing to sue under Article III is also jurisdictional; if a litigant cannot demonstrate standing, dismissal under Rule 12(b)(1) is proper. *Williams v. Lew*, 819 F.3d 466, 475 (D.C. Cir. 2016).

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss an action for improper venue. Fed. R. Civ. P. 12(b)(3). Alternatively, "if it be in the interest of justice," the Court may "transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). "The decision whether a transfer or dismissal is in the interest of justice . . . rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983).

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading . . . with [an] opposing party's written consent or with the [C]ourt's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

### III. ANALYSIS

#### A. Motion to Dismiss

The Court will grant the defendants' motion to dismiss. Randhawa lacks standing to seek prospective relief, and sovereign immunity bars his attempt to seek damages from individual federal agencies rather than the United States. Even if Randhawa had sued the United States for damages, sovereign immunity would block his claims for relief under the Constitution and federal statutes, and venue for his remaining claims would lie outside the District of Columbia.

##### 1. *Standing*

To sue in federal court, a litigant must have standing. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006).[3] Litigants "must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000).

---

[3] Although the defendants do not raise Randhawa's standing to sue, the Court may nevertheless address it *sua sponte*. *Am. Library Ass'n v. FCC*, 401 F.3d 489, 492 (D.C. Cir. 2005).

To have standing to seek prospective relief, like an injunction or a declaratory judgment, a plaintiff must show that such relief could redress a "concrete, particularized, and actual or imminent" injury. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010); *see also Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

Randhawa's complaint seeks prospective relief, including "updating of" the defendants' "training and manuals" and "[a] declaration that [the] defendants violated" his constitutional rights. Compl. ¶ xiv, Dkt. 1. It does not, however, identify a concrete, particularized, and actual or imminent injury that those measures might redress. In particular, Randhawa does not contend that he will interact in the future with the immigration officials who abused him, meaning he has not shown that he will "likely . . . suffer future injury" at their hands. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). Nor has he identified other injuries that might occur in the future and that declaratory relief or updated training and manuals could avert. *See Attias v. Carefirst, Inc.*, 865 F.3d 620, 627 (D.C. Cir. 2017).

Because Randhawa lacks standing to seek prospective relief, the Court will dismiss his claims seeking such relief for lack of jurisdiction.

    2.    *Sovereign Immunity*

Randhawa's claims for damages against the United States face another hurdle: sovereign immunity. Absent a waiver, sovereign immunity shields the United States and its agencies from suit. *Meyer*, 510 U.S. at 475. Any waiver of the United States' sovereign immunity "must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Two statutes deal with the United States' immunity from suits like this one. The first, the Little Tucker Act, waives the United States' immunity from "civil action[s] or claim[s] against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act

4

of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated damages in cases not sounding in tort." 28 U.S.C. § 1346(a)(2); *see United States v. Bormes*, 568 U.S. 6, 11–12 (2012). That waiver does not apply here because Randhawa seeks more than $10,000 in damages. Compl. ¶ xiii, Dkt. 1.

The second, the FTCA, waives the United States' immunity for "claims against the United States, for money damages, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). It does not waive sovereign immunity for suits against specific agencies, *Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 125 (D.D.C. 2016), or for suits alleging violations of federal law, *see Meyer*, 510 U.S. at 478. For those reasons, it does not apply here either. As to Randhawa's federal claims, including for violations of his constitutional rights and under "HATE CRIME" legislation, the FTCA does not waive sovereign immunity for suits alleging constitutional torts or other federal-law violations. Compl. ¶¶ 2–17, Dkt. 1; *Meyer*, 510 U.S. at 478; *see also Randhawa I*, 2022 WL 823067, at *2. And as to his claims under state law, Randhawa must bring them against the United States rather than specific agencies or departments. *Coulibaly*, 213 F. Supp. 3d at 125.

The Court could construe Randhawa's *pro se* complaint to assert claims against the United States or grant Randhawa leave to amend it accordingly. *See Sanchez-Mercedes v. Bureau of Prisons*, 453 F. Supp. 3d 404, 415–16 (D.D.C. 2020); *Johnson v. Veterans Affairs Med. Ctr.*, 133 F. Supp. 3d 10, 16–17 (D.D.C. 2015). In *Randhawa I*, however, the Court specifically instructed Randhawa that his "failure to name the United States as the defendant [was] a sufficient ground

5

for dismissing his complaint." 2022 WL 823067, at *1. The Court is not obliged to accommodate Randhawa again. *Bloem v. Unknown Dep't of Interior Employees*, 24 F. Supp. 3d 97, 104 (D.D.C. 2014) (explaining that the "goodwill" owed to *pro se* litigants "is exhaustible . . . where litigants have had notice and opportunity to correct defects.").

More importantly, construing Randhawa's complaint to assert claims against the United States would not save it. The United States will always be immune from Randhawa's non-FTCA claims brought under federal law. *Meyer*, 510 U.S. at 478. And for the reasons given below, venue over Randhawa's FTCA-based state-law claims does not lie in the District of Columbia, warranting dismissal of those claims under Federal Rule of Civil Procedure 12(b)(3).

       3.    *Venue*

Independently, if the Court construed Randhawa's complaint to seek damages against the United States, it would dismiss it for improper venue. "Any civil action" under the FTCA "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). If a plaintiff chooses the wrong forum, the Court may "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." *Patel v. Phillips*, 933 F. Supp. 2d 153, 166 (D.D.C. 2013) (quoting 28 U.S.C. § 1406(a)). Although courts "generally favor transfer over dismissal," *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 15 (D.D.C. 2009), they need not transfer actions with "serious substantive defects," *Naartex*, 722 F.2d at 785.

Venue over Randhawa's potential FTCA claims against the United States—the only claims for which the United States could not assert immunity from suit—does not lie in the District of Columbia. Randhawa resides in California, and his complaint says that "[a]ll events" relevant to this suit "took place" at the "Centennial U.S.C.I.S. Field Office" in Colorado. Compl. at 1 & ¶ 19,

Dkt. 1. Consistent with that description, Randhawa's complaint does not allege any specific acts or omissions taking place in the District. *Id.* ¶¶ 19–30. Because Randhawa "resides" in California and complains of "act[s]" and "omission[s]" in Colorado, he cannot sue under the FTCA in Washington, D.C. 28 U.S.C. § 1402(b).

Nor do the "interest[s] of justice" favor transfer. 28 U.S.C. § 1406(a). It is true that courts prefer transfer to dismissal and that "the presumption in favor of transfer is especially strong where a plaintiff files a complaint *pro se*." *Sanchez-Mercedes*, 453 F. Supp. 3d at 418 (quoting *Fam v. Bank of Am. NA (USA)*, 236 F. Supp. 3d 397, 408 (D.D.C. 2017)). Even so, the "substantive problems with [Randhawa's] claims" cut strongly in favor of dismissal. *Buchanan v. Manley*, 145 F.3d 386, 389 n.6 (D.C. Cir. 1998). In particular, to satisfy the FTCA's mandatory exhaustion requirement, a plaintiff must present the government with "a written statement sufficiently describing [his] injury to enable [an] agency to begin its own investigation." *GAF Corp. v. United States*, 818 F.2d 901, 905 (D.C. Cir. 1987); *see* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993). The Court held in *Randhawa I* that Randhawa's attempt at exhaustion fell short of that requirement, 2022 WL 823067 at *2, and it cannot discern why a court would hold differently in this case. Indeed, Randhawa's complaint does not allege that he exhausted his administrative remedies at all. *See* Compl., Dkt. 1.

For these reasons, the Court will grant the defendants' motion to dismiss.

### B.     Motion to Amend

Finally, Randhawa seeks leave to amend his complaint to add *Bivens* claims against the individual immigration officials he encountered. The Court will deny the motion.

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading . . . with [an] opposing party's written consent or with the [C]ourt's leave." Fed. R. Civ. P. 15(a)(2). "The

court should freely give leave when justice so requires." *Id.* However, the Court need not allow amendments that would be futile. *McGee v. District of Columbia*, 646 F. Supp. 2d 115, 119 (D.D.C. 2009); *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

Randhawa's amendment would be futile. The Supreme Court has been clear that courts should not extend *Bivens* to new contexts "[i]f there is even a single 'reason to pause.'" *Egbert v. Boule*, 596 U.S. 482, 492 (2022) (quoting *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020)). Randhawa's amendment would extend *Bivens* to a new context, since the Supreme Court has never recognized any *Bivens* action against immigration officials for their conduct during immigration proceedings. And because judicial action in the immigration sphere raises unique foreign-policy and national security concerns, the Court would have ample reasons to pause before creating a new cause of action, foreclosing Randhawa's *Bivens* claims. *Id.* at 494.

For these reasons, the Court will deny Randhawa's motion for leave to amend.

## CONCLUSION

For these reasons, it is

**ORDERED** that the defendants' Motion to Dismiss, Dkt. 15, is **GRANTED**. It is further

**ORDERED** that the plaintiff's Motion for Leave to Amend, Dkt. 16 ¶ 6, is **DENIED**. It is further

**ORDERED** that this action is **DISMISSED** without prejudice.

**SO ORDERED.**

February 13, 2024

DABNEY L. FRIEDRICH
United States District Judge